**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STATE OF NEBRASKA, ex rel. L. TIM WAGNER, DIRECTOR OF INSURANCE OF THE STATE OF NEBRASKA,** | : | CA 05 245 S |
| **Plaintiff** | : | **C.A. No.** |
| **GILBANE BUILDING COMPANY, a Rhode Island corporation,** | : | |
| **Defendant** | : | |

## COMPLAINT

COMES NOW the Plaintiff, L. Tim Wagner, Director of Insurance of the State of Nebraska, in his statutory capacity as the Liquidator of Amwest Surety Insurance Company, and for his Complaint against the Defendant, hereby states and alleges the following:

## NATURE OF SUIT

Plaintiff previously filed identical claims against Defendant on June 6, 2003 in the District Court of Lancaster County, Nebraska in a matter styled *State of Nebraska, ex rel., L. Tim Wagner, Director of Insurance of the State of Nebraska v. Gilbane Building Co.*, Case No. CI 03-2063. Plaintiff is actively prosecuting the Nebraska action. This suit is being brought in the United State District Court for the District of Rhode Island as a "protective suit," in order to preserve

Plaintiff's right to recover in the event that there is a subsequent determination that the Nebraska court did not have proper jurisdiction.

## PARTIES

1. Plaintiff, L. Tim Wagner, is the Director of Insurance of the State of Nebraska. Plaintiff brings this action in his statutory capacity as the Liquidator of Amwest Surety Insurance Company pursuant to Neb. Rev. Stat. § 44-4801 *et seq.*, pursuant to an order of the District Court of Lancaster County, Nebraska dated June 7, 2001 ("Order") appointing him Liquidator of Amwest. Plaintiff is herein referred to as the "Liquidator" for purposes of this Complaint.

2. Defendant Gilbane Building Company ("Gilbane") is a Rhode Island corporation engaged in the business of construction management and real estate development.

3. At all times relevant to this dispute, Gilbane was authorized to conduct business in the State of Nebraska and maintained a registered agent in Nebraska.

4. Amwest Surety Insurance Company ( "Amwest") is a Nebraska domiciled and regulated insurance company maintaining its principal offices in Calabasas, California. Amwest was declared insolvent by the District Court of Lancaster County, Nebraska in the Order dated June 7, 2001. Pursuant to said Order, the District Court for Lancaster County ordered Amwest

liquidated pursuant to Neb. Rev. Stat. § 44-4801 *et seq.* under the supervision of the Liquidator.

5. This Complaint is brought by the Liquidator to recoup and avoid $603,444.08 transferred to Gilbane by Amwest on or after January 5, 2001, which benefited Defendant, as preferential transfers pursuant to Neb. Rev. Stat. § 44-4828.

## JURISDICTION AND VENUE

6. This action is brought pursuant to Neb. Rev. Stat. §§ 44-4821 and 44-4828 and R.I. Gen. Laws § 27-14.3-56(a), which vest the Liquidator with the power to recover all of the assets of Amwest located in the state of Rhode Island.

7. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. § 1332.

8. Venue properly rests with this Court pursuant to 28 U.S.C. § 1391.

9. This Court has personal jurisdiction over Gilbane because at all times relevant to this claim Defendant was a Rhode Island corporation engaged in business and holding agents within the state of Rhode Island.

**Count I**

**Avoidance and Recovery of all Transfers to Gilbane as Payee that Occurred within the Four Month Period Preceding Amwest's Liquidation Petition**

10. The Liquidator realleges and incorporates each of the paragraphs set forth above.

11. On or about December 3, 1997, Gilbane entered into a Subcontract with Crane Plumbing & Heating Co., Inc. ("Crane") pursuant to which Crane was to perform plumbing work at Cambridge Hospital in Cambridge, Massachusetts.

12. Pursuant to obligations imposed on Crane under the Subcontract with Gilbane, Crane obtained a payment and performance bond from Amwest (Bond No. 1334007) (the "Bond"). The Bond was issued by Amwest on or about December 17, 2000. Gilbane accepted the Bond issued by Amwest as a sufficient guarantee of performance from Crane.

13. Crane subsequently voluntarily defaulted or otherwise indicated an inability to complete the Subcontract and Gilbane called upon Amwest to fulfill its obligations as surety under the terms of the Bond. Amwest, in conjunction with Gilbane, obtained a Replacement Subcontract for completion of the Subcontract.

14. On or about March 28, 2001, Amwest and Gilbane entered into a settlement in full satisfaction of all claims or potential claims against one another relating to the Bond.

Pursuant to said agreement, which expressly identified the Bond, Amwest agreed to remain liable under the Bond, but only with respect to debts or obligations of the Subcontract and not those of the Replacement Subcontract, in exchange for a complete dismissal, with prejudice, of all claims against Amwest related to the Subcontract and Bond No. 1334007, except for such amounts for which Amwest agreed to be liable.

15. On June 7, 2001, the District Court in Lancaster County, Nebraska adjudged that Amwest was insolvent and ordered the company to be liquidated. This order was authorized pursuant to the Insurer's Supervision, Rehabilitation and Liquidation Act (the "Act"), Neb. Rev. Stat. § 44-4801 *et seq*.

16. Pursuant to Neb. Rev. Stat. § 44-4821, the Liquidator is empowered and authorized to pursue all claims on behalf any insureds, creditors, members or shareholders of Amwest. The Liquidator is specifically authorized by Neb. Rev. Stat. §§ 44-4821(u) and 44-4828(b) to avoid certain transfers by Amwest.

17. On or about April 9, 2001, Amwest issued a check to Gilbane in the amount of $26,150.23. Gilbane deposited this check into its account.

18. On or about April 13, 2001, Amwest issued a check to Gilbane in the amount of $215,292.12. Gilbane deposited this check into its account.

19. On or about May 21, 2001, Amwest issued a check to Gilbane in the amount of $4,222.04. Gilbane deposited this check into its account.

20. The above described transfers were on account of an antecedent debt due under Bond No. 1334007.

21. Each of the transfers occurred within four (4) months of Amwest being placed into liquidation pursuant to Neb. Rev. Stat. § 44-4801 *et seq.*, and are therefore avoidable pursuant to Neb. Rev. Stat. § 44-4828. Said transfers enabled Gilbane to obtain a greater percentage of its debt from Amwest than an otherwise similarly situated creditor would have received.

22. The Liquidator served written demand on Gilbane for return of $245,664.39, the total preferential transfers during the four month period. Gilbane failed to comply with this demand.

**<u>Count II</u>**

**Avoidance and Recovery of all Transfers to Gilbane as Payee that Occurred within the Five to Twelve Month Period Preceding Amwest's Liquidation Petition**

23. The Liquidator realleges and incorporates each of the paragraphs set forth above.

24. On or about January 5, 2001, Amwest issued a check to Gilbane in the amount of $357,779.69. Gilbane deposited this check into its account.

25. The above described transfer was on account of an antecedent debt due under Bond No. 1334007.

26. The transfer occurred within the five to twelve month period preceding Amwest being placed into liquidation pursuant to Neb. Rev. Stat. § 44-4801 *et seq.*, and is therefore avoidable pursuant to Neb. Rev. Stat. § 44-4828. Said transfer enabled Gilbane to obtain a greater percentage of its debt from Amwest than an otherwise similarly situated creditor would have received.

27. Amwest was insolvent during the one-year period preceding its successful liquidation petition.

28. The Liquidator demanded that Gilbane return the $357,779.69 preferential transfer. Gilbane failed to comply with this demand.

WHEREFORE, the Liquidator demands judgment as follows:

a. on Count I, against Gilbane as Payee in the amount of $245,664.39 plus interest thereon;

b. on Count II, against Gilbane as Payee in the amount of $357,779.69 plus interest thereon;

c. the taxable costs of this action; and

d. any other relief that the Court deems just and appropriate.

**L. TIM WAGNER, DIRECTOR OF INSURANCE OF THE STATE OF NEBRASKA**

By its Attorneys,

WINOGRAD, SHINE & ZACKS, P.C.

By Melissa Horne

Melissa Horne, Esq.
State Bar No. 5291
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Dated: June 3, 2005

Michael S. Degan (NE #20372)
Megan Sebastian Wright (NE #21782)
BLACKWELL SANDERS PEPER MARTIN LLP
1620 Dodge Street, Suite 2100
Omaha, NE 68102-1593
TEL (402) 964-5000
FAX (402) 964-5050